UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHELSEA JONES | CIVIL ACTION |
| VERSUS | NO. 16-691-BAJ-EWD |
| CIRCLE K STORES, INC. | |

### RULING AND ORDER

Before the court is a Motion to Compel (the "Motion to Compel")[1] filed by defendant, Circle K Stores, Inc. ("Defendant"). By the Motion to Compel, Defendant seeks an order compelling plaintiff, Chelsea Jones ("Plaintiff") to respond to interrogatories and requests for production propounded to Plaintiff on February 13, 2017.[2] Defendant also seeks reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37. Any opposition to the Motion to Compel was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion to Compel and Plaintiff has not filed an opposition as of the date of this Ruling and Order. The Motion to Compel is therefore unopposed.

For the reasons that follow, the Motion to Compel is **GRANTED** and Defendant's request for reasonable expenses and attorney's fees is **GRANTED**.[3]

---

[1] R. Doc. 11.

[2] R. Doc. 11-4.

[3] R. Doc. 11. Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, 3:98CV2918, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See, Turner v. Hayden*, Civil Action No. 15-2282, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter.").

## I. Background

Per her Petition for Damages, Plaintiff alleges that while shopping at Defendant's store, she slipped in a wet substance on the floor and fell, sustaining injuries.[4] On October 17, 2016, Defendant removed this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5]

Defendant asserts that it propounded interrogatories and requests for production to Plaintiff on February 13, 2017.[6] Defendant further avers that it scheduled a telephone discovery conference with Plaintiff to take place on August 1, 2017, but that Plaintiff's counsel did not participate in the conference and that, with the exception of a one page printout of Plaintiff's medical providers,[7] Plaintiff has not provided any responses to the interrogatories or requests for production.[8] Defendant therefore "seeks an order compelling the plaintiff to provide full and complete responses to its discovery requests and for the plaintiff to pay Circle K's reasonable expenses, including attorney's fees, incurred in filing this motion."[9]

## II. Law and Analysis

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

---

[4] Petition for Damages, R. Doc. 1-2, ¶ 3.

[5] R. Doc. 1. Following removal, the court required the parties to submit briefing regarding the amount in controversy. R. Doc. 6. Following submission of briefing by the parties, R. Docs. 7 & 8, the court issued a scheduling order. R. Doc. 10.

[6] R. Doc. 11-4.

[7] R. Doc. 11-1, p. 2, n. 1.

[8] R. Doc. 11-1, p. 3 ("Circle K propounded twelve (12) Interrogatories and six (6) Requests for Production of Documents. Plaintiff has failed to provide any explanation as to why she has failed to provide responses to these requests despite the passing of six (6) months."); ("Circle K propounded reasonable discovery requests on the plaintiff, including Interrogatories and Requests for Production of Documents, on or about February 13, 2017. To date, no responses have been received; nor, has the plaintiff provided any reasons for her failure to respond.").

[9] R. Doc. 11-1, pp. 3-4. Defendant does not state the amount of expenses it contends would be reasonable.

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Federal Rules of Civil Procedure 33 and 34 provide that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id*.

"For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Mirror Worlds*, 2016 WL 4265758 at *1. *See also, Wymore v. Nail*, 5:14-cv-3493, 2016 WL 1452437, at *1 (W.D. La. April 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))); *Rivero v. Sunbeam Products, Inc.*, 08-CA-591, 2010 WL 11451127, at *4 (W.D. Tex. Jan. 12, 2010) ("Plaintiffs, who bear the burden of proof in support of their motion to compel . . . .").

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See also*, *Nguyen v. Louisiana State Board of Cosmetology*, Civil Action No. 14-80, 2016 WL 67253, at * 3 (M.D. La. Jan. 5. 2016) ("Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees."). Additionally, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii), the court may, on motion, order sanctions if "a party, after being properly served with interrogatories under Rule 33…fails to serve its answers, objections, or written response."[10]

The court finds that Defendant has met its burden of proving that the Motion to Compel should be granted. Defendant's discovery requests seek information regarding Plaintiff's injuries, treatment, and damages, as well as Plaintiff's contentions regarding Defendant's alleged actions. The court finds the information sought is relevant to this action. Defendant submitted documentation showing that it propounded Interrogatories and Requests for Production on the Plaintiff on February 13, 2017.[11] Defendant asserts that Plaintiff failed to participate in the telephone conference scheduled to discuss Plaintiff's outstanding discovery responses. Finally, Plaintiff has not filed any objection to the instant Motion to Compel.

Because the court grants Defendant's Motion to Compel, the court further finds that an award of reasonable expenses is required under Fed. R. Civ. P. 37(a)(5)(A). Plaintiff was given

---

[10] Fed. R. Civ. P. 37(d)(3) provides that these sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

[11] R. Doc. 11-4.

an opportunity to respond to Defendant's request for fees but failed to file an opposition. Nonetheless, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Nguyen*, 2016 WL 67253, at * 3. As noted above, Defendant has not asserted a specific amount of expenses it contends would be reasonable, nor has it submitted evidence of the amount of expenses incurred. In such a circumstance, this court finds an award of $500.00 is reasonable. *See*, *Doucet v. Dormont Manufacturing Co.*, Civil Action No. 13-251, 2014 WL 2434472, at * 4 (M.D. La. May 29, 2014) ("Defendant did not claim a specific amount of expenses incurred in filing its motion. However, a review of the motion and memoranda supports the conclusion that an award of $450.00 is reasonable."); *Rivera v. Martin J. Donnelly Antique Tools*, Civil Action No. 14-667, 2015 WL 6872506, at * 3 (M.D. La. Nov. 9, 2015) ("Plaintiff has not demonstrated any circumstances which would make an award of expenses to the defendant unjust. Defendant did not submit anything to establish a specific amount of expenses incurred in filing this motion. A review of the motion papers supports finding that an award of $500.00 is reasonable.").

### III. Conclusion

In light of Plaintiff's failure to timely respond to the discovery requests and there being no opposition to Defendant's Motion to Compel, the Motion to Compel[12] is **GRANTED**.

Plaintiff, Chelsea Jones, is **ORDERED** to provide written responses, without objections (with the exception of any objections pertaining to applicable privileges and/or immunities),[13] to

---

[12] R. Doc. 11.

[13] *See*, *Baxter v. Anderson*, Civil Action No. 16-142, 2016 WL 4443178, at * 5 n. 4 (M.D. La. Aug. 19, 2016) (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, Civil Action Nos. 09-3862, 10-0832, 10-1168, 10-4592, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.")).

the outstanding interrogatories and requests for production of documents within fourteen (14) days of the date of this Ruling and Order.

**IT IS FURTHER ORDERED** that Defendant's request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37 is **GRANTED**. Plaintiff is **ORDERED** to pay Defendant $500.00 for the costs and attorney's fees it incurred in filing the Motion to Compel.

**Failure of Plaintiff to comply with the terms of this Order may result in additional sanctions.**

Signed in Baton Rouge, Louisiana, on October 31, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**