UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHELSEA JONES | CIVIL ACTION |
| VERSUS | |
| CIRCLE K STORES, INC. | NO.: 16-00691-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 19)** filed by Circle K Stores, Inc. Plaintiff Chelsea Jones did not file an opposition. For the following reasons the **Motion for Summary Judgment (Doc. 19) is GRANTED**.

I. BACKGROUND

This is a slip-and-fall case. Plaintiff Chelsea Jones walked into a Circle K convenience store in Baton Rouge, Louisiana just before 6:00 PM on August 27, 2015. (Doc. 19-3 at ¶ 1). Video surveillance shows that right after entering the store, Plaintiff passed within a few feet of a yellow wet floor sign, and she also walked by a Circle K employee mopping the floor. (Doc. 21). Plaintiff then walked into the restroom, and a few minutes later she went to the beverage counter. *Id.* The video surveillance shows another yellow wet floor sign a few feet away. *Id.* After obtaining a beverage, Plaintiff walked toward the cashier to check out, but she fell. *Id.* The video surveillance is partially obstructed by a food counter so it does not clearly show Plaintiff fall. *Id.* After falling, Plaintiff stood up, refilled her cup—presumably

1

because she spilled her drink when she fell—and then walked to the cashier to check out. *Id.* Plaintiff did not ask for help, and she did not appear injured. *Id.*

Plaintiff claims that Defendant is liable for damages because she "slipped in a wet substance located on the floor causing her to suddenly and without notice lose her balance and fall violently to the ground whereupon she sustained severe and disabling injuries." (Doc. 1-2 at p. 2). Plaintiff then sued Defendant on September 9, 2016 in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana. (Doc. 1-2). Invoking the Court's diversity jurisdiction, Defendant removed the case to this Court about a month later. (Doc. 1).

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). When the non-movant fails to file a memorandum in opposition to a motion for summary judgment, a court may accept as undisputed the facts that the movant submits in support of its motion. *See Euersley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). Even if the motion is unopposed, the Court may not grant a motion for summary judgment unless the moving party meets its burden. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

## III. DISCUSSION

Under Louisiana law, a plaintiff seeking damages against a merchant because of a fall on their premises has the burden of proving that a condition on the premises presented: (1) an unreasonable risk of harm; (2) that this harm was reasonably foreseeable; (3) that the merchant either created or had actual or constructive notice of the condition and; (4) that the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B). To establish constructive notice, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C).

A merchant does not create an unreasonable risk of harm when it uses appropriate signs to warn patrons that a floor is wet. *See Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 516 (La. Ct. App 2007); *Lee v. Ryan's Family Steak Houses, Inc.*, 60 So. 2d 1042, 1047 (La. Ct. App. 2007). For instance, in *Melancon*, the court held that Popeye's exercised reasonable care by using two wet floor signs to alert customers that the floor had been mopped. 59 So. 3d at 515. Likewise, the undisputed facts here show that Circle K exercised reasonable care by placing two yellow wet floor signs on the floor to alert customers that the floor had just been mopped. (Doc. 21). In fact, the video surveillance also shows that Circle K placed one of the signs right near the beverage counter where Plaintiff fell. *Id.* Circle K therefore exercised reasonable care, and it is entitled to summary judgment.

IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 19)** filed by Defendant Circle K Stores, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 15th day of February, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA